UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE L. MILLER, solely in his capacity as the Chapter 7 Trustee of the estates of CQC Impact Investors LLC, *et al.*,<br><br>Petitioner,<br><br>v.<br><br>HSBC BANK USA, N.A.,<br><br>Respondent. | Misc. Case No. 25-mc-00552<br><br>Related to Bankruptcy Case No. 25-10316-JKS, pending in the United States Bankruptcy Court for the District of Delaware |

### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION OF DOCUMENTS

CHIPMAN BROWN CICERO & COLE, LLP
Adam D. Cole
Bryan J. Hall
420 Lexington Avenue, Suite 442
New York, NY 10170
Telephone: (646) 685-8363
cole@chipmanbrown.com
hall@chipmanbrown.com

*Attorneys for George L. Miller, Chapter 7 Trustee of CQC Impact Investors LLC, et al.*

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

RELEVANT BACKGROUND ........................................................................................... 1

ARGUMENT ........................................................................................................................ 3

    I.    Petitioner Is Entitled to Discovery from HSBC .................................................. 4

    II.    Petitioner Seeks Documents That Are Relevant ................................................ 5

    III.    The Subpoena Does Not Impose an Undue Burden on HSBC ........................... 6

CONCLUSION .................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                               **Page(s)**

*Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343 (1985) ...................................... 7

*In re Corso*, 328 B.R. 375 (E.D.N.Y. 2005) ................................................................................ 6

*Delgado v. Donald J. Trump for President, Inc.*,
  2024 WL 3730499 (S.D.N.Y. May 13, 2024) ................................................................... 5, 6

*Delta Air Lines, Inc. v. Lightstone Grp., LLC*,
  2021 WL 2117247 (S.D.N.Y. May 24, 2021) ................................................................... 4, 5

*In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702 (Bankr. S.D.N.Y. 1991) ....................... 5

*Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*,
  284 F.R.D. 132 (S.D.N.Y. 2012) ........................................................................................ 5

*Kirschner v. Klemons*, 2005 WL 1214330 (S.D.N.Y. May 19, 2005) ........................................... 6

*Marx v. Chase Nat. Bank*, 117 F.2d 800 (2d Cir. 1941) ............................................................... 5

*Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*,
  2016 WL 3906712 (S.D.N.Y. July 14, 2016) ...................................................................... 5

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) ............................................................ 5

*Petruss Media Grp., LLC v. Advantage Sales & Mktg. LLC*,
  347 F.R.D. 39 (D.D.C. 2024) .............................................................................................. 7

*Rosenblatt v. Nw. Airlines, Inc.*, 54 F.R.D. 21 (S.D.N.Y. 1971) ................................................... 7

**Statutes**

11 U.S.C. § 704 ................................................................................................................... 4, 6, 7

**Rules**

Fed. R. Civ. P. 45 ..................................................................................................................... 3, 4

Fed. R. Bankr. P. 2004 ......................................................................................................... 4, 5, 6

## INTRODUCTION

Petitioner George L. Miller, solely in his capacity as the Chapter 7 Trustee ("Petitioner" or "Trustee") of the estates of CQC Impact Investors LLC, *et al.* (the "Debtors"), seeks this Court's order to enforce a non-party document subpoena to respondent HSBC Bank USA, N.A. ("Respondent" or "HSBC"). On July 22, 2025, the Trustee served a subpoena for the Debtors' bank records upon HSBC at its principal place of business and sought production in this District. HSBC failed to object to the subpoena and has not produced any documents. Petitioner's counsel attempted to meet and confer with HSBC about the document requests, but the only responses were that HSBC was looking into it and would get back to us. HSBC's failure to comply with the subpoena is prejudicing the Trustee's ability to administer the Debtors' bankruptcy estates. Accordingly, the Trustee submits this motion to compel HSBC to produce the documents and to sit for any deposition needed to clarify questions regarding the document requests and the documents produced.

## RELEVANT BACKGROUND

On February 27, 2025, the Debtors each filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing their bankruptcy cases. *See* Declaration of Bryan J. Hall ("Hall Dec.") ¶ 4. Petitioner is the duly qualified and appointed Chapter 7 Trustee of the Debtors' bankruptcy estates. *See* Hall Dec. ¶ 5. On their bankruptcy schedules of assets and liabilities, the Debtors listed certain bank accounts with HSBC (the "Debtor Accounts"). *See* Hall Dec. ¶ 6.

It is standard practice in chapter 7 cases of corporate debtors for a chapter 7 trustee, such as the Trustee, to obtain copies of a debtor's bank records, either from the debtor or from its bank.

*See* Hall Dec. ¶ 7.  Here, the Trustee was unable to obtain copies of the Debtors' bank records from the Debtors and requested them from HSBC.  *See* Hall Dec. ¶ 7.  Following his appointment, the Trustee and his counsel contacted HSBC multiple times to request copies of bank statements and other records regarding the Debtor Accounts.  *See* Hall Dec. ¶¶ 8-10.  On June 25, 2025, HSBC requested that the Trustee serve a subpoena for the Debtors' bank records.  *See* Hall Dec. ¶ 11.  On July 2, 2025, the Trustee filed a motion with the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 2004 requesting authority to subpoena the bank records from HSBC.  *See* Hall Dec. ¶ 12.  That motion was served on HSBC.  *See* Hall Dec. ¶ 13. HSBC did not object to that motion.  *See* all Dec. ¶ 14.  On July 18, 2025, the Bankruptcy Court entered an order authorizing the Trustee to subpoena the bank records from HSBC.  *See* Hall Dec. ¶ 15 & Ex. 2.

On July 22, 2025, service of the subpoena, the Bankruptcy Court's order, and a cover letter was effected by hand delivery upon Respondent at its principal place of business in New York. *See* Hall Dec. ¶¶ 16-17 & Exs. 3, 4.  The subpoena seeks production of three categories of documents relating to the Debtor Accounts for the four-year period prior to the bankruptcy filing. *See* Hall Dec. at Ex. 3, page 4.  Those document requests are as follows:

> "1.    Copies of all account statements for each of the Debtor Accounts during all periods within the Examination Period.
>
> "2.    Copies of all wire transfer/ACH confirmations for each of the Debtor Accounts during all periods within the Examination Period.
>
> "3.    Copies of all cancelled checks for each of the Debtor Accounts during all periods within the Examination Period."

Hall Dec. at Ex. 3, page 4.

The subpoena sought production of the documents on August 11, 2025 in this District.  *See* Hall Dec. ¶ 19 & Ex. 3, page 1.

Also, on July 21, 2025, Petitioner's counsel sent a courtesy copy of the subpoena for documents, the Bankruptcy Court's order, and a cover letter by email to three contacts at HSBC. *See* Hall Dec. ¶ 18.

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), any objections to the subpoena were due by August 4, 2025. Fed. R. Civ. P. 45(d)(2)(B). HSBC did not serve any objections to the subpoena or otherwise contact Petitioner's counsel. *See* Hall Dec. ¶ 20.

After HSBC failed to produce any documents, Petitioner's counsel contacted HSBC's representatives on August 12, 2025. *See* Hall Dec. ¶ 21. A representative of HSBC wrote back the same day, "Let me check with our subpoena team on the status and I will get back to you shortly." Hall Dec. ¶ 22. However, no further response was received and no documents were produced and Petitioner's counsel continued to follow up with HSBC throughout August, September and October 2025. *See* Hall Dec. ¶ 23. The only other response Petitioner's counsel has received from HSBC was a response to a September 12, 2025 email stating, "Let me look into this and I will come back to you shortly." *See* Hall Dec. ¶ 24. Other emails and voicemail messages directed to HSBC have gone unanswered. *See* Hall Dec. ¶ 25. Given HSBC's failure to produce documents and failure to engage with the Trustee, a court order is necessary to compel HSBC's compliance.

**ARGUMENT**

Petitioner respectfully requests this Court's intervention to compel HSBC to comply with Petitioner's subpoena by producing the requested documents. Petitioner has complied with the requirements of Federal Rule of Civil Procedure 45 by narrowly tailoring his document requests to seek only relevant information proportional to the needs of the administration of the Debtors'

bankruptcy cases, and the requests do not impose undue burden or cost on HSBC. As such, Petitioner's request to compel HSBC to produce should be granted.

I.     **Petitioner Is Entitled to Discovery from HSBC**

Petitioner is entitled to seek discovery from HSBC. As the Chapter 7 Trustee of the Debtors' bankruptcy estates, Petitioner has broad powers to administer the estates, including investigating the financial affairs of the Debtors. 11 U.S.C. § 704(a)(4). Petitioner has a variety of tools to aid his investigatory powers.

For example, Federal Rule of Bankruptcy Procedure 2004 ("Bankruptcy Rule 2004") provides that "[o]n a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Bankruptcy Rule 2004 continues, in relevant part:

> "The examination of an entity under this Rule 2004 . . . may relate only to:
>
> "(A) the debtor's acts, conduct, or property;
>
> "(B) the debtor's liabilities and financial condition;
>
> "(C) any matter that may affect the administration of the debtor's estate; or
>
> "(D) the debtor's right to a discharge."

Fed. R. Bankr. P. 2004(b)(1).

In addition, Federal Rule of Civil Procedure 45 ("Rule 45") authorizes Petitioner to issue subpoenas for, among other things, documents from third parties. *See* Fed. R. Civ. P. 45(a)(1)(D). This was confirmed by the Bankruptcy Court's order authorizing Petitioner to subpoena bank records from HSBC. *See* Hall Dec. ¶ 15 & Ex. 2.

Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26. *See Delta Air Lines, Inc. v. Lightstone Grp., LLC*, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021). The party seeking discovery bears the initial burden of proving relevance and

4

proportionality, after which the burden shifts to the party opposing discovery to demonstrate "an undue burden to 'justify curtailing discovery.'" *Id.* (quoting *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012)); *see Delgado v. Donald J. Trump for President, Inc.*, 2024 WL 3730499, at *2 (S.D.N.Y. May 13, 2024) (discussing burden shifting).

As set forth below in section II and III, Petitioner's subpoena to HSBC seeks documents that are both relevant and proportional to the needs of the bankruptcy cases and Petitioner has taken steps to minimize the burden of the subpoena. Accordingly, Petitioner is entitled to the discovery set forth in the subpoena.

## II. Petitioner Seeks Documents That Are Relevant

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevance" under Rule 26 is to be "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

It is standard practice in chapter 7 cases of corporate debtors for the Trustee to obtain copies of a debtor's bank records. *See* Hall Dec. ¶ 7. Indeed, a debtor's bank records are often the first step in marshalling the estate's assets and investigating potential causes of action. It has long been recognized that a debtor's bank records are relevant to a bankruptcy trustee's exercise of his statutory powers and duties. *See*, *e.g.*, *Marx v. Chase Nat. Bank*, 117 F.2d 800, 801-02 (2d Cir. 1941) (affirming order under the former Bankruptcy Act compelling bank to produce documents); *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991) (discussing chapter 7 trustee's duties and Bankruptcy Rule 2004). Further, here, the Bankruptcy Court

5

specifically authorized the Trustee to subpoena the bank records from HSBC pursuant to the order granting the Bankruptcy Rule 2004 motion.  *See* Hall Dec. ¶ 15 & Ex. 2.

By the subpoena, Petitioner seeks three categories of documents—account statements, wire/ACH confirmations and cancelled checks—relating to the Debtor Accounts.  *See* Hall Dec. at Ex. 3, page 4.  These documents should contain information regarding, among other things, the Debtors' receipts and disbursements of the cash, the Debtors' assets and liabilities, and the identities of parties that received transfers prior to the bankruptcy.  *See* Hall Dec. ¶ 26.  These documents are relevant to Petitioner's administration of the estate and his investigatory powers because they relate to the Debtors' acts, conduct, and property, liability and financial condition, and the administration of the estates.  *See* 11 U.S.C. § 704(a)(4); Fed. R. Bankr. P. 2004(b) (listing permissible topics for investigation under Bankruptcy Rule 2004).

### III. The Subpoena Does Not Impose an Undue Burden on HSBC

HSBC has the burden of showing that compliance with the subpoena would impose an undue burden or costs on it.  *See Delgado*, 2024 WL 3730499, at *2.  To establish undue burden, HSBC must show "the manner and extent of the burden and the probable negative consequences of insisting on compliance."  *Kirschner v. Klemons*, No. 99 CIV. 4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005).  "[I]nconvenience alone" is not sufficient.  *Id.*

As a preliminary matter, HSBC did not timely object to the subpoena, nor has HSBC moved to quash it.  *See* Hall Dec. ¶ 20.  Because HSBC failed to timely object, HSBC should be deemed to have waived any objections.  *See, e.g.*, *In re Corso*, 328 B.R. 375, 384-85 (E.D.N.Y. 2005) (among other things, affirming order compelling bank to comply with chapter 7 trustee's subpoena and rejecting arguments that the subpoena was burdensome or overbroad; because the

6

bank "did not raise any timely objections to the Trustee's subpoena, or move to quash it in a timely manner [bank] waived its right to object to the Subpoena.").

When the Trustee was unable to obtain copies of the Debtors' bank records from the Debtors, the Trustee requested them from HSBC. *See* Hall Dec. ¶¶ 7-10. HSBC requested that the Trustee serve a subpoena for the bank records, which he did. *See* Hall Dec. ¶¶ 11-17. HSBC's representatives have acknowledged they were looking into the Trustee's subpoena requests, but nevertheless HSBC has failed to produce any documents. *See* Hall Dec. ¶¶ 21-25.

Petitioner submits that any burden upon HSBC is slight, and certainly not an undue burden. Petitioner has identified the specific Debtor Accounts, has requested three narrowly tailored categories of documents, and has provided a specific date range. *See* Hall Dec. Ex. 3 at page 4. Petitioner believes the requested documents exist in electronic format and can be readily compiled and produced to Petitioner. *See* Hall Dec. ¶ 27. Petitioner's counsel has offered multiple times to confer with HSBC about the scope and manner of production. *See* Hall Dec. ¶¶ 18, 21, 23, 25.

Moreover, there is no privilege that would limit production of the requested documents. Federal law does not recognize a privilege between a depositor and the bank. *See Petruss Media Grp., LLC v. Advantage Sales & Mktg. LLC*, 347 F.R.D. 39, 44 (D.D.C. 2024) ("[T]here is no recognized privilege in federal court for financial information held by a financial institution.") (denying motion to quash); *Rosenblatt v. Nw. Airlines, Inc.*, 54 F.R.D. 21, 22, 24 (S.D.N.Y. 1971) (holding "[t]here is no banker-client privilege" and ordering banks to produce "originals and copies of books, records, loan agreements, correspondence and memoranda"). Even if any such privilege did exist, the Trustee now controls all the Debtors' privileges, confidentiality, and other rights. *See* 11 U.S.C. § 704; *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 351-54

7

(1985) (holding the chapter 7 trustee is vested with control of the debtor's privilege). Accordingly, this Court should order HSBC to comply with the subpoena and produce the requested documents.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court compel HSBC to produce the requested documents within fourteen (14) days.

Dated: December 4, 2025

Respectfully submitted,

CHIPMAN BROWN CICERO & COLE, LLP

*/s/ Adam D. Cole*
Adam D. Cole
Bryan J. Hall
420 Lexington Avenue, Suite 442
New York, NY 10170
Telephone: (646) 685-8363
cole@chipmanbrown.com
hall@chipmanbrown.com

*Attorneys for George L. Miller, Chapter 7 Trustee of CQC Impact Investors LLC, et al.*

8

## WORD COUNT CERTIFICATION

The undersigned hereby certifies that, pursuant to Local Rule 7.1, this Memorandum of Law in Support of Petitioner's Motion to Compel Production of Documents contains 2,222 words, counted using Microsoft Word's word count feature.

Dated: December 4, 2025   CHIPMAN BROWN CICERO & COLE, LLP

*/s/ Adam D. Cole*
Adam D. Cole
Bryan J. Hall
420 Lexington Avenue, Suite 442
New York, NY 10170
Telephone: (646) 685-8363
cole@chipmanbrown.com
hall@chipmanbrown.com

*Attorneys for George L. Miller, Chapter 7 Trustee of CQC Impact Investors LLC, et al.*